UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KRISTINE M. SOMERVILLE,

                           Plaintiff,              11-CV-6426T

              v.                                   **DECISION
                                                   and ORDER**
ROMULUS CENTRAL SCHOOL DISTRICT,

                           Defendant.
_____


## INTRODUCTION

    Plaintiff Kristine M. Somerville, ("Somerville"), brings this action pursuant to Title VII of the Civil Rights Act of 1964 claiming that she was discriminated against by the defendant Romulus Central School District (the "School District" or "District") with respect to her application to become the Superintendent of the District.  Specifically, Somerville, who is African-American and female, alleges that she was not hired because of her race and/or gender, and that instead, a less-qualified white male was hired for the position.

    Defendant denies plaintiff's claims, and now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure claiming that there are no issues of material fact in dispute, and that the School District is entitled to judgment as a matter of law.  For the reasons set forth below, I grant defendant's motion for summary judgment.

BACKGROUND

Plaintiff Kristine Somerville is currently a Middle School Principal in the Watkins Glen Central School District in Watkins Glen, New York.  In January, 2008, plaintiff applied to become the Superintendent of Schools for the defendant Romulus Central School District in Romulus, New York.  Prior to applying for the Superintendent position, plaintiff had been a member of the School District's Board of Education, but she resigned in October 2007 to apply for the Superintendent position.

Approximately 23 candidates applied for the position of Superintendent.  Upon review of the applications by the Board of Education, the interim Superintendent, and the Superintendent for an association of several school districts, of which the defendant was a member, the field of candidates was narrowed to six candidates: three male, and three female, including the plaintiff.

The six candidates were interviewed by three separate groups: the Board of Education; a community group comprised of District residents; and an employee group comprised of School District employees.  Of the six candidates, plaintiff was the lowest rated by both the Community group and the Employee group.  The three candidates with the highest composite scores from the Community group and the Employee group were named as the three finalists for the position.  Of the three finalists, two were male, and one was female.  Following day-long interviews with the three finalists, Michael Hoose, a white male, was selected as the Superintendent. At the time plaintiff was eliminated from consideration, she sent

an email to the a member of the Board of Education thanking the Board for its consideration of her application, acknowledging that all of the six semi-finalists were "strong" candidates for the position; stating that two of the three finalists were "great" leaders, and expressing a desire to again serve on the Board of Education.  Indeed, approximately one-month later, in May, 2008, plaintiff re-joined the Board of Education for the Romulus Central School District, and remained there until November 2009, at which time she moved her residence outside the District.

In June, 2008, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming that she had been discriminated against on the basis of her race and/or gender because she had not been selected as the Superintendent of the Romulus Central School District.  On May 31, 2011, the EEOC issued plaintiff a right-to-sue letter.  Thereafter, on August 29, 2011, plaintiff filed the instant case.

DISCUSSION

I.    Defendant's Motion for Summary Judgment

 Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought.  Scott v. Harris, 550 U.S. 372, 380 (2007).

If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  <u>Scott</u>, 550 U.S. at 380 (citing <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-587 (1986)).

Defendant moves for summary judgment on grounds that plaintiff has failed to state a prima facie case of discrimination, and that even if she has stated a prima facie case, she has failed to rebut the legitimate, non-discriminatory reason defendant has proffered for not hiring.

II.  Plaintiff has stated a prima facie case of employment discrimination under Title VII.

A.  <u>Standard for Stating a Prima Facie Case of Discrimination</u>

To state a claim for employment discrimination under Title VII, a plaintiff must first set forth a prima facie case of discrimination.  Once the plaintiff has established a prima facie case, the burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for taking an adverse action against the plaintiff.  If the defendant meets this burden, the plaintiff must then demonstrate that the defendant's proffered reason for the adverse action is pretextual, and that the employer's action was "prompted by an impermissible motive." <u>Tomka v. Seiler Corporation</u>, 66 F.3d 1295, 1308 (2d Cir. 1995) (citations omitted).

To establish a prima facie case of discriminatory failure to hire, the plaintiff must show that (1) she belongs to a protected class; (2) she applied for an available position for which she was qualified, and (3) she was rejected under circumstances giving rise to an inference of discrimination. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). The burden of stating a prima facie case sufficient to overcome a motion for summary judgment is de minimis, Dister v. Continental Group, Inc., 859 F.2d 1108, 1114 (2d Cir. 1988). Based on the de minimis standard for stating a prima facie case, I find that plaintiff's claim that a less-qualified white male was hired for the position she sought states a prima facie case of employment discrimination.

      B.  Plaintiff has sufficiently alleged that she was not hired under circumstances giving rise to am inference of discrimination.

It is uncontested that as a black female, plaintiff belongs to a protected class of employees based on her race and gender. It is further uncontroverted that plaintiff applied for the position of Superintendent, and for purposes of this motion only, defendant concedes that plaintiff was qualified for the position. Accordingly, to state a prima facie case of discrimination based the defendant's failure to hire her as the Superintendent of the School District, plaintiff must establish that the failure to hire her occurred under circumstances giving rise to an inference of discrimination.

Plaintiff alleges that discrimination can be inferred because School Board member Ann Morgan ("Morgan") allegedly expressed a preference for a male Superintendent during the recruitment process for the position. Plaintiff, however, has produced no admissible evidence that such a preference was ever expressed. Rather, plaintiff relies on inadmissible hearsay evidence, claiming that the alleged comment was heard by a former School District teacher, Nancy Galusha, ("Galusha") who allegedly relayed it to Plaintiff's sister-in-law Bette Somerville, who allegedly relayed it to the plaintiff. Plaintiff admits that she never heard the comment, and Galusha has provided a sworn statement stating that she never heard such a comment from Ann Morgan, nor did Galusha ever make such a comment to Bette Somerville. See September 19, 2012 Affidavit of Nancy Galusha, attached as an Exhibit to the Affidavit of Miles Lawler, (docket item no. 14) at ¶¶ 9, 10. Similarly, Morgan has provided a sworn statement stating that she never claimed that she preferred a male candidate to a female candidate, and never expressed such an opinion to Bette Somerville or any other person. See September 20, 2012 Affidavit of Ann M. Morgan, attached as an Exhibit to the Affidavit of Miles Lawler, (docket item no. 14) at ¶ 37. Plaintiff has failed to controvert the evidence provided by the defendant, and because Plaintiff's claim that Ann Morgan expressed a preference for a male Superintendent is based on inadmissible hearsay evidence, I find that she has failed to establish an inference of discrimination based on that alleged statement.

Plaintiff next contends that discrimination against her can be inferred from the alleged fact that no female or black person has ever held the position of Superintendent of the Romulus Central School District.  I find, however, that plaintiff's claim fails to raise an inference of discrimination.  Initially, plaintiff has failed to provide any evidence, admissible or otherwise, to support her claim that there has been no black or female Superintendent of the Romulus Central School District.  Nevertheless, assuming *arguendo*, that plaintiff's claim is correct, because plaintiff has failed to provide evidence as to whether or not, prior to 2008, any black or female candidates ever applied for the position of Superintendent of the Romulus Central School District, she has failed to raise an inference of discrimination with her claim.  To establish an inference of discrimination based on the historical lack of hiring of minority candidates, a plaintiff must produce evidence that minority candidates actually applied for the position sought and were rejected.  As stated by a District Court in a case involving teachers, the "absence of African-American [teachers] does not suffice to prove a prima facie case of discrimination without comparison to te relevant labor pool." Deleon v.  Putnam Valley Board of Education, 2006 WL 236744, *9 (S.D.N.Y., January 26, 2006)(citing Jackson v. University of New Haven, 228 F.Supp.2d 156, 166 (D.Conn., 2002)("The mere absence of minority employees in upper-level positions does not suffice to prove a prima facie case of discrimination without a comparison to the relevant labor pool.") In the instant case, plaintiff has failed to produce any

evidence as to whether or not, any female or minority candidates had applied to become Superintendent of the School District prior to 2008, when plaintiff herself applied for the position. Accordingly, because there is no evidence of whether minority or female candidates ever applied for the position of Superintendent, no discriminatory motive or effect can be inferred from the historical lack of a black or female Superintendent of the Romulus Central School District.

Finally, plaintiff alleges that discrimination against her can be inferred from the fact that she possessed superior qualifications for the position of Superintendent, and that despite her qualifications, a white male candidate with lesser qualifications was chosen for the position. This allegation is sufficient to state a prima facie case of discrimination. See Hines v. Hillside Children's Center, 73 F.Supp.2d 308, (W.D.N.Y. 1999)(Larimer, C.J.)(fact that person selected for position was of a different race or gender "may help to raise an inference of discrimination.")(quoting Carson v. Bethlehem Steel Corp., 82 F.3d 157, 159 (7th Cir.1996)).


III. Defendant has stated a legitimate, non-discriminatory reason for not selecting plaintiff as the Superintendent of the School District.

According to the defendant, the plaintiff was one of six semi-finalists for the position of Superintendent. The defendant has explained that the six semi-finalists, three of whom were women, were subjected to interviews from the Board of Education, a

community group, and a group of employees of the District. Defendant has submitted evidence that the plaintiff was ranked lowest of the six candidates by the community and employee groups, and was not selected to be one of the three finalists. This explanation states a legitimate, non-discriminatory reason for not selecting the plaintiff as the District's Superintendent.

> IV. Plaintiff has failed to rebut the legitimate, non-discriminatory reason proffered by the defendant.

To rebut the defendants' proffered reason for declining to hire her, plaintiff must demonstrate that the reason offered by the defendant is pretextual, and that the employer's action was prompted by an impermissible motive. Tomka, 66 F.3d 1295, 1308. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973). A plaintiff may demonstrate pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Texas Department, 450 U.S. at 256. Plaintiff has failed to make either showing.

Plaintiff argues that she was more qualified than Hoose for the position of Superintendent, and therefore the defendant's proffered reason for not hiring her is not credible. It is well settled, however, that "[a]n employee's subjective opinion about [her] own qualifications is insufficient to give rise to a triable issue of fact concerning whether the employer's proffered reason for its actions is a pretext for discrimination." Hines v. Hillside Children's Center, 73 F.Supp.2d 308, (W.D.N.Y. 1999)(Larimer, C.J.)(citing Shapolia v. Los Alamos Nat'l Lab., 992

9

F.2d 1033, 1039 (10th Cir.1993) (employee's own assessment of his job performance is inadequate to raise issue of fact for trial); Anderson v. City of New Rochelle, 2012 WL 3957742 *12 (S.D.N.Y., September 04, 2012 ("Plaintiff's purely self-serving statement that he was 'clearly the most qualified' for the position, without direct or circumstantial evidence to support the assertion, does not create a question of fact on the issue of discrimination"). Moreover, to rebut an employer's reason for not hiring her, a plaintiff must establish that her qualifications were "so superior to the credentials of the person selected for the job" that "'no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'"   Abrams v. Department of Public Safety, 856 F.Supp.2d 402, 410 (D. Conn., 2012)(quoting Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 103 (2d Cir., 2001).

In the instant case, plaintiff has failed to establish that her qualifications were so superior to Hoose's that no reasonable person could have selected him over her.  Rather, plaintiff has merely repeated over and over her subjective opinion that she was the better qualified candidate, without even discussing Hoose's qualifications. See Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary judgment at p.  3 (claiming that discrimination can be "strongly inferred" from fact that plaintiff had "superior qualifications" to those of the candidate chosen for the position); p. 5 (plaintiff was "objectively more qualified for the position than [Hoose] and she . . . possessed significantly

more experience suitable and related to the position of superintendent than did the Caucasian male who was ultimately hired."); p. 6 (defendant preferred white males, even when white males "were less qualified for the position"); p. 8 (plaintiff was "overqualified") for the position. The only evidence submitted in support of plaintiff's claims of superior credentials are the curricula vitae of herself Hoose. But plaintiff fails to compare her qualifications to those of Hoose, and fails to explain how or why her credentials are superior to Hoose's. Comparing the two resumes, no objective employer would find plaintiff to be a significantly superior candidate to Hoose such that no reasonable employer would hire him over her. Indeed, a reading of the resumes reveals that the candidates had comparable academic experience and administrative experience. Defendant contends that one factor weighing in favor of Hoose was approximately 20 years of private sector experience as the CEO of a cabinet making company he founded. In the absence of evidence of discrimination, as is the case here, it is not for this court to pass on the merits of the Districts's decision making process, as courts do not weigh the wisdom of an employer's criteria for selecting a candidate, nor do they second-guess an employer's non-discriminatory business decision. Anderson, 2012 WL 3957742 *12 (citing Dister, 859 F.2d at 1116). Because plaintiff has failed to produce evidence to suggest that the defendant was motivated by racial or gender bias, I find that she has failed to rebut the defendant's proffered reason for not hiring her.

Finally, plaintiff contends that the real reason she was not hired was because the defendant held a bias against women as being "hysterical", and therefore refused to hire her. The basis of plaintiff's claim is that several of the people who interviewed her felt that some of plaintiff's answers to interview questions were inappropriate. According to the defendant, the plaintiff, in responding to questions about her professional life or aspirations, answered by bringing up a painful personal story about finding her late husband's dead body following his suicide. Three interviewers, including two women, found the personal anecdote to be an inappropriate response to questions about professional concerns.

Plaintiff claims that the interviewer's negative reactions to her answer demonstrate a bias against women. This claim, however, is based on nothing more than speculation, and plaintiff has adduced no evidence from the interviewers, or any other person, that such a belief was held by any interviewer or Board of Education member. Because there is no evidence to support plaintiff's claim, I find that this allegation fails to rebut the defendants stated reason for not hiring her.

<u>CONCLUSION</u>

For the reasons set forth above, I grant defendant's motion for summary judgment, and dismiss plaintiff's claims with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

_____
        MICHAEL A. TELESCA
    United States District Judge

Dated:    Rochester, New York
          January 4, 2013